```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HOGUET NEWMAN REGAL & KENNEY,                               :
LLP,                                                        :
                                                            :
                              Plaintiff,                    :     21-CV-1048 (VSB)
                                                            :
               -against-                                    :            ORDER
                                                            :
DAN LOWE,                                                   :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/6/2021

<u>VERNON S. BRODERICK</u>, United States District Judge:

  Plaintiff commenced this action on February 5, 2021 by filing its Complaint.  (Doc. 1 ("Compl.").)  After Defendant failed to appear, Plaintiff filed papers seeking entry of a default judgment.  (Docs. 14–17.)  However, Plaintiff's Complaint fails to establish my subject matter jurisdiction over this action.

  The only basis of subject matter jurisdiction asserted in the Complaint is diversity of citizenship, (Compl. ¶ 13), which grants a federal court with jurisdiction over suits where plaintiffs and defendants are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (citing 28 U.S.C. § 1332(a)).  There must be complete diversity of citizenship between all plaintiffs and all defendants.  *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir.), *as amended*, (Nov. 12, 2014).  "A limited liability partnership has the citizenship of each of its general and limited partners for the purposes of diversity jurisdiction." *Monitronics Funding LP v. Pinnacle Sec., LLC*, No. 12 Civ.1992(JGK), 2012 WL 967623 at *1 (S.D.N.Y. March 12, 2012).  "Furthermore, it is well established that the party seeking to invoke

jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (alteration, citations, and internal quotation marks omitted).

Here, Plaintiff alleges that it "is a partnership of attorneys licensed to practice law in New York," (Compl. ¶ 11), and that Defendant "is an individual with a last known address in Leawood, Kansas," (*id.* ¶ 12). This is insufficient to establish subject matter jurisdiction. "Where a [party] is a partnership, a plaintiff must allege the citizenship of each member of the partnership in order to adequately plead subject matter jurisdiction." *Brady v. Goldman*, 16-CV-2287 (GBD)(SN), 2016 WL 8201788, at *4 (S.D.N.Y. Dec. 5, 2016) (citing *Prospect Funding Holdings, LLC v. Fennell*, No. 15 Civ. 4176(LLS), 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015)), *report and recommendation adopted*, 16 Civ. 2287 (GBD) (SN), 2017 WL 111749 (S.D.N.Y. Jan. 11, 2017), *aff'd*, 714 F. App'x 63 (2d Cir. 2018). Additionally, pleading a defendant's "address . . . is insufficient" to establish citizenship. *See, e.g.*, *Zimak Co. v. Kaplan*, No. 98 CIV. 3176(DAB)NRB, 1999 WL 38256, at *3 (S.D.N.Y. Jan. 28, 1999); *Winslowet-Alps v. Harris*, 20-CV-5358 (LLS), 2020 WL 4719106, at *2 (S.D.N.Y. Aug. 13, 2020) ("Plaintiff does not plead facts about where any defendant is domiciled, but he lists addresses for himself and one of the defendants in Connecticut. Plaintiff thus fails to plead facts establishing diversity of citizenship . . . ."). In this circuit, courts generally disallow a case to proceed to default judgment when the pleadings cannot "demonstrate complete diversity between the parties." *See IndyMac Venture, LLC v. Mulligan*, CV 15-7057 (ADS) (GRB), 2019 WL 4648419, at *4 (E.D.N.Y. Aug. 30, 2019) (collecting cases), *report and recommendation adopted*, 2:15-cv-07057 (ADS) (GRB), 2019 WL 4647222 (E.D.N.Y. Sept. 24, 2019).

Accordingly, by October 22, 2021, Plaintiff must file an amended complaint that alleges facts sufficient to establish subject matter jurisdiction. Failure to do so will likely result in

dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

Dated: October 6, 2021
       New York, New York

_____
VERNON S. BRODERICK
United States District Judge